■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SANFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered January 14, 1983, convicting him of robbery in the second degree (two counts), and criminal possession of stolen

property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Sharpe, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements and physical evidence.

Judgment affirmed.

Based upon the information provided to the hearing court at the time the defendant requested a one-week adjournment of the suppression hearing for the purpose of enabling him to substitute privately retained counsel in the place of the Legal Aid attorney appointed to represent him, we conclude that the denial of that application was not an abuse of discretion *(see, People v Tineo,* 64 NY2d 531, 536; *People v Arroyave,* 49 NY2d 264). It is particularly significant that the retained attorney, who according to the defendant's Legal Aid attorney, had told the defendant's brother he was willing to represent the defendant at the hearing, did not file a notice of appearance, nor did he submit any proof in the form of an affidavit or other documentary evidence that he could not be present at the scheduled hearing because of a prior engagement. Moreover, the Judge presiding at the hearing indicated his willingness to entertain a similar application at such time as counsel actually came before the court. We note that the same Legal Aid attorney who represented the defendant at the hearing subsequently represented him at trial, which was held months later.

In light of the overwhelming evidence of the defendant's guilt established at trial, there is no possibility that the isolated comments made by the prosecutor during his summation deprived the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.