■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOPHIE AMBROSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered November 29, 1984, convicting her of robbery in the first degree (two counts), grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony of a police officer that he had informed the defendant that she had been identified by the complaining witnesses in a pretrial lineup constituted impermissible bolstering of those witnesses' in-court identifications of the defendant (see, People v Trowbridge, 305 NY 471; People v Ray, 127 AD2d 859; People v Hall, 82 AD2d 838, 839). However, in light of the strength of those in-court identifications, this Trowbridge error was clearly harmless (see, People v Johnson, 57 NY2d 969; People v Mobley, 56 NY2d 584; People v Taylor, 134 AD2d 543; People v Williams, 109 AD2d 906; cf., People v Grubbs, 112 AD2d 104, 104-106).

The defendant's further claim that she was deprived of her constitutional right to counsel of her choice is also meritless. She was represented by assigned counsel at the commencement of a Wade hearing. An attorney appeared before the court during the course of the pretrial Wade hearing, apparently at the behest of the defendant's mother, but produced no retainer agreement. This attorney was obviously unprepared to proceed, either with the Wade hearing or with trial, since

he was actually engaged in connection with another matter. The court took reasonable steps in an effort to accommodate this attorney, who never reappeared at any later stage. The court did not improvidently exercise its discretion by refusing to adjourn the case indefinitely in order to accommodate the defendant's last minute effort to substitute counsel, particularly where there was no proof that the incoming attorney was ever formally retained, and where it is far from clear when, if ever, this attorney would have been ready to proceed *(see generally, People v Tineo,* 64 NY2d 531; *People v Arroyave,* 49 NY2d 264; *People v Sanford,* 122 AD2d 286). Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.