■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LINWOOD MILLER, Appellant.—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 22, 1990, convicting defendant, after a jury trial, of arson in the second degree and reckless endangerment in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of imprisonment of 12½ to 25 years and 3½ to 7 years, unanimously affirmed.

Evidence at trial overwhelmingly established that defendant, a former boarder in the 79 year old physically handicapped complainant's apartment, set the apartment's front door on fire after the complainant denied him entry.

The trial court properly exercised its discretion in ruling that the prosecutor could make limited inquiry regarding defendant's 15 year old felony conviction, with further inquiry permissible depending upon defendant's response if he chose to testify. By such ruling, the trial court appropriately balanced the prejudicial effect of the admission of this prior conviction with its probative value regarding the willingness of defendant to voluntarily place the advancement of his self-interest ahead of the interests of society *(see, People v Sandoval,* 34 NY2d 371, 377). The temporal remoteness of the prior conviction alone did not preclude cross-examination, particularly where, as here, defendant spent eight of the ensuing years in prison *(see, e.g., People v Ortiz,* 156 AD2d 197, *lv denied* 76 NY2d 740).

On the scheduled sentencing date, defendant refused the trial court's invitation to be present at the sentencing procedure. At the court's direction, defendant's trial counsel advised defendant of his right to be present at, and to participate in, the sentencing procedure, and that if he continued to refuse to allow the court officers to escort him into the courtroom, he would be sentenced in absentia. Upon defense counsel's report to the court that defendant had been so advised, that defendant fully understood the consequences, and that defendant still refused to enter the courtroom for the sentencing procedure, the trial court properly found that defendant had knowingly, intelligently and voluntarily waived his right to be present, and properly sentenced defendant in absentia *(see, e.g., People v Epps,* 37 NY2d 343, 350-351, *cert denied* 423 US 999). The trial court's direction that defendant be handcuffed in the event he decided to avail himself of his right to be present at the sentencing procedure did not in any way obstruct defendant's right to be present. Rather, the trial court properly exercised its discretion in designing a limited safety measure to assure preservation of appropriate dignity

and order in the courtroom, in light of defendant's previous scatological outburst, followed by combative behavior toward the court officers, upon the rendering of the verdict herein, as well as defendant's outright violence toward the sentencing court during the sentencing procedure in connection with defendant's previous felony conviction *(see, e.g., People v Palermo,* 32 NY2d 222, 225).

We have considered defendant's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kassal and Rubin, JJ.