■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRON CUNNINGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fin-

negan, J.), rendered November 20, 1990, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the trial court erred in not precluding the evidence of the ballistics results, which matched a shell casing found at the scene of the shooting with the gun which the defendant dropped while being chased by the police, since the People had not timely complied with the defendant's discovery request for such evidence (CPL 240.20). We disagree.

Fashioning an appropriate remedy for the People's failure to timely comply with such discovery demands is within the discretion of the trial court *(see,* CPL 240.70; *People v Kelly,* 62 NY2d 516). Where any prejudice arising from such noncompliance can be cured by granting a continuance, the drastic remedy of preclusion is not warranted *(see, People v Eleby,* 137 AD2d 708, 709). Here, the defendant was granted a continuance in order to have his own expert test the shell casing. We find that the defendant suffered no prejudice, and that the trial court properly denied the motion to preclude.

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.