■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DAVIS, Appellant. [640 NYS2d 53] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered March 7, 1991, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and order of the same court and Justice, entered on or about March 31, 1995, denying defendant's motion to set aside the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

After threatening to kill his wife in numerous letters sent from prison, defendant shot her to death in front of their six-year old son. The threatening letters were properly admitted into evidence since the marital privilege is not "designed to forbid inquiry into the personal wrongs committed by one spouse against the other, or * * * intended to label confidential a communication aimed at destroying the marital relation" (*Poppe v Poppe*, 3 NY2d 312, 315).

Defendant had no personal, legitimate expectation of privacy in a coin-operated rental locker which had been "red tagged", excluding defendant from entering with his key, after the expiration of the rental period (*United States v Reyes*, 908 F2d 281, 285-286, *cert denied* 499 US 908).

Defendant's arguments that expert witnesses were improperly permitted to testify regarding an eyewitness's credibility, to the extent that their opinions went to the ultimate issue of guilt or innocence, were not preserved by the general objections to the testimony (*People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914). In any event, the admission of this testimony was within the trial court's discretion in the circumstances presented herein (*People v Cronin*, 60 NY2d 430, 432-433). Even if admission of that testimony were error, we perceive no significant possibility that the jury would have acquitted defendant in the absence of such testimony (*People v Braun*, 199 AD2d 993, *lv denied* 83 NY2d 849; *People v Crimmins*, 36 NY2d 230, 242).

Defendant's motion to vacate judgment was properly denied since his allegations failed to support his claim of conflict of interest. We note that a defendant may not create an artificial conflict of interest merely by bringing a patently frivolous lawsuit against his attorney (*see, Mathis v Hood*, 937 F2d 790, 796).

We have considered defendant's remaining contentions, including those raised in his *pro se* supplemental briefs, and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Mazzarelli, JJ.