■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GONZALO FLORES, Appellant. [655 NYS2d 3] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered November 1, 1993, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 4 years and 9 months to 14 years and 3 months, and, order, same court (Herbert Adlerberg, J.), entered on or about May 25, 1996, which denied defendant's motion to vacate the same judgment of conviction, unanimously affirmed.

We find no basis upon which to disturb defendant's conviction by guilty plea. Unlike the situation in *People v Pelchat* (62 NY2d 97), the instant indictment of defendant did not rest on perjured testimony, and, in any event, at the time of defendant's conviction the People had no knowledge that their witness would ultimately modify the account he gave to the Grand Jury. Even if the failure of the eyewitness to testify before the Grand Jury that the victim had attempted to defend himself rises to the level of a material omission, the omitted facts would, at most, have lent some support to a tenuous potential justification defense on the part of defendant. Furthermore, defendant's claim that the eyewitness gave perjured testimony before the Grand Jury regarding the identification of the shooters is, in reality, a claim that the reliability of the eyewitness

identification may have been attacked at trial. The Grand Jury's fact-finding process is not undermined where, as here, testimony before it is sufficient, but "may subsequently fail its purpose for many reasons" (*People v Pelchat, supra,* at 107).

Similarly, defendant's claim that the facts of his plea allocution were false does not provide a basis for vacatur of his conviction because factual issues are waived by entry of a guilty plea (*People v Griffin,* 7 NY2d 511, 515; *People v Gerber,* 182 AD2d 252, 260-261, *lv denied* 80 NY2d 1026). Further, because defendant pleaded guilty to a lesser crime than the crime charged in the indictment, a factual basis for the plea was not required (*People v Moore,* 71 NY2d 1002, 1006).

Defendant entered a knowing, intelligent and voluntary guilty plea. Defendant's claim that his plea was coerced by his attorney is unsupported by defendant's statements at sentencing and his submissions on his CPL article 440 motion. We conclude that counsel fulfilled his duty to warn his client of the risks of proceeding to trial (*People v Spinks,* 227 AD2d 310, *lv denied* 88 NY2d 995).

Defendant's remaining contentions are without merit. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.