■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO MENDOZA, Appellant. [665 NYS2d 896] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered July 6, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Evidence of uncharged narcotics transactions was properly admitted to establish intent to sell. The high probative value of the evidence outweighed the potential prejudice to defendant (*see, People v Hernandez,* 216 AD2d 11, 12, *lv denied* 86 NY2d 795), and the People were not required to rest on the inferences flowing from the charged sale (*see, People v Alvino,* 71 NY2d 233, 245).

We have considered defendant's other claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARTINEZ, Appellant. [666 NYS2d 189] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered January 16, 1996, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's claim that his plea should be vacated as factually insufficient due to the People's failure to produce a lab report confirming the seized substance to be heroin has not been preserved for appellate review (*People v Toxey,* 86 NY2d 725; *People v Lopez,* 71 NY2d 662), and we decline to review it in the interest of justice. In any event, defendant acknowledged, during his allocution, that he attempted to sell heroin. Defendant's claim is essentially a challenge to the sufficiency of the evidence against him and, as such, was waived by entry of a guilty plea (*People v Flores,* 237 AD2d 128, *lv denied* 90 NY2d 857). We would further note that a laboratory analysis was required for the indictment. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.