■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DUCHESNE, Appellant. [688 NYS2d 52] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered December 19, 1996, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 7 to 14 years, unanimously affirmed.

The court's *Sandoval* ruling permitting limited inquiry into defendant's two 1982 convictions for larceny and robbery was a proper exercise of discretion. The convictions were highly probative of defendant's credibility and were not unduly remote (*People v Miller*, 184 AD2d 375, *lv denied* 80 NY2d 1028).

Evidence of an uncharged contemporaneous drug sale was properly admitted to show that defendant intended to sell the drugs found in his possession (*People v Mendoza*, 245 AD2d 177, *lv denied* 91 NY2d 975), and to provide the jury with a

complete narrative (*see*, *People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Contrary to defendant's contention, the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245).

Defendant's claim that the court's charge concerning defendant's decision not to testify was unduly lengthy is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Tom, Mazzarelli and Saxe, JJ.