■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON DOBSON, Appellant. [701 NYS2d 628] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered October 27, 1995, convicting him of murder in the second degree and kidnapping in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the lineup was not unduly suggestive and that there was no substantial likelihood of a misidentification (see, People v Hannah, 234 AD2d 317; People v Chipp, 75 NY2d 327, cert denied 498 US 833).

The trial court properly permitted the People to introduce evidence of a witness's prior lineup identification of the defendant (see, CPL 60.25 [1] [a] [i], [ii], [iii]; People v Patterson, 93 NY2d 80).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in rejecting his request for an adverse inference charge (see, People v Perez, 255 AD2d 403; People v Gibbs, 211 AD2d 641).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80, 85-86). Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that he was punished for asserting his right to proceed to trial (see, People v Lam, 226 AD2d 554, 555; People v Cosme, 203 AD2d 375; People v Clarke, 195 AD2d 569, 570-571).

The defendant's remaining contentions are without merit. Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.