■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JENKINS, Appellant. [727 NYS2d 463] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered November 17, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in refusing to impose the sanction of preclusion for the People's alleged untimely disclosure of a ballistics report. Assuming, as did the trial court, that the People failed to timely disclose the report, there was no showing of undue prejudice or bad faith on the part of the People which would warrant the extreme sanction of preclusion (*see, People v King,* 221 AD2d 472; *People v Cunningham,* 189 AD2d 821). Although the ballistics report indicated that all the shell casings found at the scene came from the same gun, the ballistics expert could not conclude that a bullet recovered from the decedent's body or a bullet fragment recovered from the scene were fired from the same gun as the casings. Thus, there could have been as many as three guns fired, a possibility also supported by other evidence in the case. Consequently, despite the alleged late disclosure, the defendant was still able to and did pursue his defense that there were multiple shooters, any one of whom could have fired the fatal shots.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Friedmann and Cozier, JJ., concur.

Goldstein, J., dissents and votes to remit the matter to the Supreme Court, Kings County, to hear and report on whether the defendant received a copy of the ballistics report prior to trial, and to hold the appeal in abeyance in the interim, with the following memorandum: CPL 240.20 was enacted to reduce the element of surprise in criminal trials, and its inherent unfairness (*see,* Governor's Mem Approving L 1979, ch 413, 1979 NY Legis Ann, at 250). That provision mandates pretrial discovery of ballistics reports (*see, People v Cunningham,* 189 AD2d 821). Failure to comply renders a party subject to sanctions, including precluding the introduction of certain evidence (*see,* CPL 240.70 [1]). The overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society (*see, People v Kelly,* 62 NY2d 516, 520). Compliance with CPL 240.10 is mandatory (*see, People v DaGata,* 86 NY2d 40, 44). In the absence of evidence that the potential for prejudice for failure to comply was cured (*see, People v Eleby,* 137 AD2d 708, 709), the judgment should be reversed and a new trial ordered (*see, People v Dudley,* 268 AD2d 442).

In the instant case, the defendant claims that he did not receive a copy of the ballistics report, which indicated that the shell casings found at the scene were all from the same gun, until after the trial was well under way. At that juncture, the defense counsel had elicited testimony from the medical examiner that the decedent's wounds could have come from different guns. Further, the defense counsel had elicited testimony from a detective that the 20 discharged shells found at the scene could have come from different guns, that eject in different directions. This testimony was soundly refuted by the introduction of the ballistics report. Consequently, if, in fact, the ballistics report was not disclosed to the defense counsel until after this testimony was elicited, the defendant suffered significant prejudice which warrants reversal of the judgment of conviction (see, People v Dudley, supra).

The majority notes that the ballistics report did not conclusively disprove the defendant's claim that there were multiple shooters, and the defendant was "still able" to pursue that defense. However, the fact that the defendant was "still able" to pursue a defense that was significantly weakened and ultimately unsuccessful does not diminish the fact that the defendant suffered significant prejudice. Inaction in the face of prejudice resulting from a failure to comply with CPL 240.20 cannot be condoned (see, People v Kelly, supra).

However, the People contend that the ballistics report was, in fact, timely disclosed prior to the trial. Accordingly, the matter should be remitted to the Supreme Court, Kings County, for a hearing on this issue.