■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY WILLIAMS, Appellant. [733 NYS2d 887] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered December 13, 1999, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Mere eligibility for youthful offender status does not mandate youthful offender treatment. The decision to grant such treatment lies wholly within the discretion of the sentencing court (*see*, CPL 720.20; *People v Dodge*, 260 AD2d 503; *People v Wallace*, 246 AD2d 676). The sentencing court providently exercised its discretion in denying the defendant youthful offender status. O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WINBORNE, Appellant. [733 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 12, 1999, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19; *People v Williams*, 247 AD2d 416). In any event, viewing the evidence in the light most favorable to the prosecution (*see*, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see*, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see*, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]). Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.