■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANDINO, Appellant. [736 NYS2d 870] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 23, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

A drug sale to an individual arrested with defendant was closely intertwined with the sale to the undercover officer and was clearly admissible (*see, e.g., People v Duchesne*, 260 AD2d 214, *affd* 94 NY2d 892). Moreover, defendant opened the door to this evidence.

The court properly exercised its discretion in imposing reasonable limits on cross-examination (*see, Delaware v Van Arsdall*, 475 US 673, 678-679). Defendant received ample latitude to impeach the officers concerning alleged time discrepancies contained in daily activity reports, and the court only precluded cross-examination concerning time periods that were too remote to have any relevance (*see, People v Alston*, 215 AD2d 108, *lv. denied* 86 NY2d 732).

The court properly denied defendant's request for an examination of an officer's personnel file since defendant failed to demonstrate any basis for such an examination beyond mere speculation as to its contents (*see, People v Valentine*, 160 AD2d 325, *lv denied* 76 NY2d 797). Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.