■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SALCO, Appellant. [755 NYS2d 309] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 20, 2000, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of robbery in the first degree and assault in the second degree beyond a reasonable doubt because the evidence adduced at trial established that he was merely present during the commission of those crimes but that he did not participate. We disagree.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law §§ 20.00, 120.05 [2]; § 160.15 [3]; *People v Smalls,* 282 AD2d 694 [2001]; *People v Foxx,* 240 AD2d 430 [1997]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court properly declined to give an intoxication instruction to the jury (*see* Penal Law § 15.25). Such an instruction need not be given where, as here, the evidence of intoxication is so minimal that no reasonable person would have entertained a doubt as to the element of intent on that basis (*see People v Gaines,* 83 NY2d 925, 927 [1994]; *People v Rodriguez,* 76 NY2d 918, 921 [1990]; *People v Perry,* 61 NY2d 849, 850 [1984]).

The defendant's contention that the trial court's reasonable doubt instruction unconstitutionally diminished the People's burden of proof is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467, 471 [1980]). In any event, that contention is without merit (*see People v Antom-*

*marchi,* 80 NY2d 247, 252 [1992]; *People v Malloy,* 55 NY2d 296, 300 [1982], *cert denied* 459 US 847 [1982]; *People v Robinson,* 218 AD2d 673 [1995], *affd* 88 NY2d 1001 [1996]; 1 CJI[NY] 6.20, at 248).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]; *see also* CPL 720.20 [1] [a]; *People v Williams,* 288 AD2d 499 [2001]; *People v Dobson,* 268 AD2d 442 [2000]).

The defendant's remaining contention is without merit (*see People v Benevento,* 91 NY2d 708 [1998]). Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.