Samuel DAVIS, Plaintiff–Appellant,

v.

The State of NEW YORK; the Unified Court System of the State of New York; Robert Johnson, District Attorney; David Greenfield, Assistant District Attorney, County of Bronx; Matthew T. Crossen, Chief Administrator of the Courts, State of New York; Burton B. Roberts, Administrative Judge, Twelfth Judicial District, Supreme Court, County of Bronx; John P. Collins, Judge, Supreme Court, County of Bronx; Geoffrey Ralls, Dir. 18–B Panel; Dr. Eugene Allen, Psychiatrist; Lynne Stewart; Stanley Cohen; and John Doe (Unidentified Private Investigator). Defendants–Appellees.

No. 03–144.

United States Court of Appeals, Second Circuit.

June 21, 2004.

Samuel Davis, Attica, New York, for Appellant, pro se.

Michele Aronowitz, Deputy Solicitor General (Carol Fischer, Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York; New York, New York, for Appellees the State of New York, the Unified Court System of the State of New York, Matthew T. Crossen, Hon. Burton B. Roberts, Hon. John P. Collins, and Geoffrey Rails.

Pamela Seider Dolgow, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel, New York, New York, for Appellees Robert Johnson and David Greenfield.

PRESENT: McLAUGHLIN, RAGGI, Circuit Judges, and HOLWELL, District Judge.*

SUMMARY ORDER

Plaintiff–Appellant Samuel Davis appeals from those parts of the district court's orders dismissing his action seeking damages, pursuant to 42 U.S.C. §§ 1983, 1985, for a delay in retrying him for the murder of his wife, an act witnessed by his minor son, who testified against him at both trials. *See Davis v. State of New York*, No. 90 Civ. 6170, 2003 WL 1787151(MBM) (S.D.N.Y. Apr.3, 2003); *Davis v. State of New York*, No. 90 Civ. 6170, 1991 WL 156351(MBM) (S.D.N.Y. Aug.6, 1991); *see also People v. Davis*, 226 A.D.2d 125, 640 N.Y.S.2d 53 (1st Dep't) (affirming Davis's judgment of conviction of second-degree murder and denial of his motion for relief pursuant to N.Y.Crim. Proc. Law § 440.10), *leave to appeal den'd*, 88 N.Y.2d 1020, 651 N.Y.S.2d 19, 673 N.E.2d 1246 (1996). We assume familiarity with the pleadings and the his-

tory of proceedings, including the above court decisions as well as the denial of Davis's petition for habeas relief pursuant to 28 U.S.C. § 2254. *See Davis v. Kelly*, No. 97 Civ. 1653(LMM), 2000 WL 1772794 (S.D.N.Y. Nov.30, 2000), *aff'd on other grounds*, 316 F.3d 125 (2d Cir.2003).

■ The district court properly dismissed Davis's complaint pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486—87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), *see also Amaker v. Weiner*, 179 F.3d 48, 51—52 (2d Cir.1999) (applying *Heck* in dismissing plaintiff's § 1985 claim). Although Davis filed his complaint before *Heck* issued, the Supreme Court applied that decision to the parties before it and, thus, the holding "must be given full retroactive effect in all cases still open on direct review," including Davis's case. *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *accord Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying *Heck* to complaint filed on January 26, 1994, some five months before *Heck* was decided).

■ Because the application of *Heck v. Humphrey* alone would result in dismissal without prejudice, we note that the record is sufficiently developed for us to affirm on other grounds the district court's dismissal with prejudice of many of Davis's claims. *Cf. Amaker v. Weiner*, 179 F.3d at 52. Specifically, we affirm the district court's holding that the Eleventh Amendment bars Davis's claims against the State of New York, the New York State Unified Court System, and Crossen and Ralls in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67

84

(1984); *Davis v. New York,* 316 F.3d 93, 101—02 (2d Cir.2002). We also affirm dismissal, on the ground of absolute immunity, of Davis's claims against clerk Ralls in his personal capacity, Justice Collins, District Attorney Johnson, and Assistant District Attorney Greenfield. *See Bernard v. County of Suffolk,* 356 F.3d 495, 504—05 (2d Cir.2004); *Tucker v. Outwater,* 118 F.3d 930, 932—33 (2d Cir.1997); *Rodriguez v. Weprin,* 116 F.3d 62, 66 (2d Cir. 1997). We further affirm the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of Davis's claims against Justice Roberts and Dr. Allen. *See generally Deleon v. Doe,* 361 F.3d 93, 94 (2d Cir.2004).

Accordingly, because we find Davis's points on appeal uniformly without merit, the district court's orders dated August 6, 1991 and April 3, 2003 are hereby AFFIRMED.