■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID O'KANE, Appellant. [865 NYS2d 61]—

Judgments, Supreme Court, New York County (Arlene R. Silverman, J.), rendered July 8, 2004, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree and criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's request for an adjournment of the suppression hearing, which was about to commence, in order to permit him to proceed with retained counsel, and there was no violation of defendant's right to retain counsel of his own choosing (see People v Arroyave, 49 NY2d 264, 270-271 [1980]). Defendant, who had been represented by assigned counsel for several months, stated that he believed his family had hired a lawyer. However, no such attorney ever appeared or contacted the court.

The court properly denied defendant's suppression motion. In a drug-prone location, a trained and experienced narcotics officer observed what he recognized as drug activity when defendant handed unidentified objects to three individuals lined up in front of him. Furthermore, when the officer approached, defendant made a spontaneous statement that could reasonably be construed as evincing consciousness of guilt. These factors provided probable cause for defendant's arrest (see e.g. People v Stephens, 41 AD3d 342 [2007], lv denied 9 NY3d 964 [2007]).

Defendant's arguments concerning his motion to withdraw his plea, including his constitutional claims, are without merit. Concur—Lippman, P.J., Gonzalez, Nardelli, Acosta and De-Grasse, JJ.