■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALISHA BLYDEN, Appellant. [922 NYS2d 20]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered November 21, 2008, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first degree (two counts), robbery in the first degree (two counts), assault in the first degree and criminal possession of a weapon in the second degree, and sentencing her to concurrent terms of 25 years for the attempted murder conviction, 15 years for the assault and burglary convictions and five years for the conviction for possession of a weapon, to be served consecutively to concurrent terms of 15 years for the robbery convictions, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion based on the People's alleged violation of *Brady v Maryland* (373 US 83 [1963]) with regard to their disclosure, during the trial, of certain information relating to

calls made from the victim's cell phone. The People had attempted to link defendant and the jointly tried codefendant with the crime through evidence tending to show that the codefendant used the phone. The alleged *Brady* material tended to suggest that this linkage was actually weaker than it appeared. Even assuming the information in question could be considered *Brady* material, it was disclosed at a time that permitted the defense to effectively use the evidence (*see People v Cortijo*, 70 NY2d 868, 870 [1987]). The court offered an extensive series of remedies in order to ensure a full opportunity to expose the alleged weakness in the People's theory concerning the cell phone. There was no reasonable possibility that earlier disclosure would have affected the outcome of the trial. Defendant made only conclusory assertions of prejudice, and the People's case was overwhelming.

The trial court properly exercised its discretion by excusing a juror who was admitted to the hospital for heart pain, was kept in the hospital overnight for observation, and was unable to return to court the following day. It was clear that waiting for the absent juror would delay the trial for at least a full day, which was well beyond the statutory two-hour period (*see* CPL 270.35 [2]; *People v Jeanty*, 94 NY2d 507 [2000]).

Defendant did not preserve her claims requiring the court's colloquy with an individual juror during deliberations, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Although the court should not have given the individual juror any legal instruction in the absence of the other jurors and without consulting with counsel in advance, defendant was not prejudiced by the court's handling of the matter especially because the instruction was correct and the entire jury was later instructed on the need for a unanimous verdict.

Defendant's aggregate sentence of 40 years was lawful (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Lopez*, 15 AD3d 232 [2005], *lv denied* 4 NY3d 888 [2005]), and we perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Moskowitz, Richter and Manzanet-Daniels, JJ.