■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMAS, Also Known as NEIL ADAMS, Appellant. [932 NYS2d 703]—

The defendant moved to withdraw his plea of guilty on the basis that prior to entering his plea, his attorney incorrectly advised him about the possible immigration consequences of pleading guilty, which deprived him of the effective assistance of counsel and rendered his plea involuntary. After affording the defendant a sufficient opportunity to present his arguments for withdrawal (*see People v Baret*, 11 NY3d 31, 33 [2008]; *People v Frederick*, 45 NY2d 520, 524 [1978]; *People v Griffith*, 78 AD3d 1194, 1195 [2010]), the Supreme Court denied the defendant's motion, finding that the defendant's allegations were not credible. In this regard, the Supreme Court noted, among other things, that during the period between the plea and sentencing, the defendant absconded to Jamaica, West Indies, and had a certificate produced in court attesting to his death, which resulted in the case against him being abated. Once apprehended, almost 16 years later, the defendant falsely told the Department of Probation that he had never pleaded guilty, but that his attorney pleaded guilty on his behalf. Since the Supreme Court's credibility determination is supported by the record, it will not be disturbed (*see People v Sparcino*, 78 AD3d 1508, 1509 [2010]; *People v Montgomery*, 63 AD3d 1635, 1636 [2009]). Therefore, contrary to the defendant's contention, raised in both his main brief and his pro se supplemental brief, his motion to withdraw his plea of guilty was properly denied.

On appeal, the defendant further contends that his attorney did not advise him, at all, of the possible immigration consequences of pleading guilty. This contention, however, is based on matter dehors the record (*see People v Griffith*, 78 AD3d at 1195). In addition, as the defendant's motion to withdraw his plea of guilty was not made on this basis, his contention is

unpreserved for appellate review (*People v Rivera*, 66 AD3d 409 [2009]).

The Supreme Court's failure to advise the defendant of the possible immigration consequences of pleading guilty did not render his plea involuntary (*see* CPL 220.50 [7]; *People v Ford*, 86 NY2d 397, 403 [1995]; *People v Romero*, 82 AD3d 1013 [2011]; *cf. Padilla v Kentucky*, 559 US —, 130 S Ct 1473 [2010]).

The remaining contention raised in the defendant's main brief has been rendered academic by our determination.

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel based on his attorney's alleged failure to conduct an investigation or discuss the case with him is based on matter dehors the record (*see People v Sharma*, 36 AD3d 723 [2007]).

The defendant's challenge, raised in his pro se supplemental brief, to the factual sufficiency of his plea allocution is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Martinez*, 245 AD2d 177 [1997]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.