■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIQUE GOMEZ, Appellant. [23 NYS3d 383]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered August 20, 2014, as amended February 5, 2015, convicting him of robbery in the second degree (two counts), attempted robbery in the second degree (two counts), and unlawful imprisonment in the second degree, upon a jury verdict, and sentencing him to determinate terms of imprisonment of seven years on the convictions of robbery in the second degree, followed by five years of postrelease supervision, four years on the conviction of attempted robbery in the second degree under count three of the indictment, followed by two years of postrelease supervision, and five years on the conviction of attempted robbery in the second degree under count four of the indictment, followed by two years of postrelease supervision, and a definite term of incarceration of one year on the conviction of unlawful imprisonment in the second degree, with all sentences to run concurrently.

Ordered that the judgment, as amended, is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on the convictions of robbery in the second degree from determinate terms of imprisonment of seven years, followed by five years of postrelease supervision, to determinate terms of imprisonment of five years, followed by two years of postrelease supervision; as so modified, the judgment, as amended, is affirmed.

The defendant failed to preserve for appellate review his contention that he was deprived of his constitutional rights to confront witnesses against him and to present a defense by the County Court's limitation of cross-examination of his accomplices regarding the potential sentence they would have faced had they not pleaded guilty to lesser charges in exchange for their testimony (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Dorcinvil*, 122 AD3d 874 [2014]). In any event, any error was harmless beyond a reasonable doubt, as there was overwhelming evidence of the defendant's guilt and no reasonable possibility that any such error might have contributed to the defendant's conviction (*see People v Hardy*, 4 NY3d 192, 198 [2005]; *People v Crimmins*, 36 NY2d 230, 237 [1975]). The defendant's further contention that the court committed evidentiary error in limiting cross-examination is without merit (*see People v Cobos*, 57 NY2d 798, 802 [1982]; *People v De Vito*, 56 NY2d 846 [1982]; *People v Bisnett*, 144 AD2d 567, 570 [1988]).

The County Court providently exercised its discretion in denying the defendant's motion for a mistrial based on the People's alleged violation of *Brady v Maryland* (373 US 83 [1963]) with regard to their disclosure, during the trial, that one of the complainants had admitted to lying to the grand jury about certain facts. To the extent that this impeachment evidence constituted *Brady* material, it was disclosed at a time that permitted the defense to effectively use the evidence (*see People v Carter*, 131 AD3d 717, 720 [2015]; *People v Blyden*, 83 AD3d 542, 542-543 [2011]; *People v Robinson*, 61 AD3d 784 [2009]; *People v Myron*, 28 AD3d 681, 683-684 [2006]). Further, there is no reasonable probability that earlier disclosure would have affected the outcome of the trial (*see People v Garrett*, 23 NY3d 878, 892 [2014]).

The defendant correctly contends that the People violated Criminal Procedure Law § 240.20 (1) by failing to timely disclose, in response to his demand, the data obtained from his cell phone and the People's possession of a knife recovered from the vehicle in which he was riding at the time of the crimes (*see* CPL 240.20 [1] [c], [f]; *People v Jenkins*, 98 NY2d 280, 283-284 [2002]). However, reversal is not warranted based on these violations because the defendant failed to establish that he was prejudiced by the delay in disclosure (*see People v Jenkins*, 98 NY2d at 285; *People v Cunningham*, 189 AD2d 821 [1993]). The requested remedy of preclusion of the cell phone data was properly denied as unwarranted (*see People v Cunningham*, 189 AD2d 821 [1993]). Although defense counsel then requested a continuance to consider the newly disclosed materials, he later withdrew that request, conceding that there had not been any prejudice from the delayed disclosure. Further, the defendant was acquitted of the only charge related to his alleged possession and use of the knife.

Contrary to the defendant's contention, he was not deprived of a fair trial or the right to present a defense as a result of the County Court's denial of his requests for a continuance of one week to obtain data from an accomplice's cell phone (*see People v Stewart*, 89 AD3d 1044 [2011]), or for an adverse inference charge related to the People's failure to obtain such evidence (*see People v Durant*, 26 NY3d 341 [2015]). The court providently exercised its discretion in making these rulings (*see People v Pena*, 113 AD3d 701 [2014]; *People v Dobson*, 268 AD2d 442 [2000]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury

trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Ray*, 100 AD3d 933, 934 [2012]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (*see People v Pena*, 50 NY2d 400, 411 [1980]; *People v Ray*, 100 AD3d at 934).

The sentence imposed was excessive to the extent indicated herein. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.