■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAQUNNE L. JACKSON, Appellant. [56 NYS3d 265]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered February 26, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Peck, J.), after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the identification testimony of one of the People's witnesses. The evidence presented at the suppression hearing established that the witness was very familiar with the defendant before the witness was asked to identify the defendant in a single photograph, and that the identification was merely confirmatory (*see People v Rodriguez*, 79 NY2d 445, 451-452 [1992]; *People v Rodriguez*, 111 AD3d 856, 857 [2013]; *People v Whitlock*, 95 AD3d 909, 911 [2012]).

The defendant failed to preserve for appellate review his contention that a police officer who was not a witness to the crime in question was improperly permitted to testify that he

believed an individual depicted in certain surveillance videos was the defendant (see CPL 470.05 [2]; *People v Watson*, 121 AD3d 921, 922 [2014]). In any event, the contention is without merit. The Supreme Court providently exercised its discretion in permitting the police officer's testimony. The police officer testified that he knew the defendant from his patrols of the defendant's neighborhood, and that the defendant changed his appearance after the subject crimes. This testimony served to aid the jury in making an independent assessment of whether the person depicted in the video was the defendant (see *People v Sanchez*, 21 NY3d 216, 225 [2013]; *People v Russell*, 79 NY2d 1024, 1025 [1992]; *People v Daniels*, 140 AD3d 1083, 1084 [2016]; *People v Ray*, 100 AD3d 933, 933 [2012]).

The defendant contends that he was denied his constitutional rights to present a complete defense and confront witnesses because the Supreme Court denied his application for access to the personnel files of a police officer and a detective who testified against him at trial. However, since the defendant did not assert a constitutional right to the evidence at trial, his constitutional claims are unpreserved for appellate review (see *People v Simmons*, 106 AD3d 1115, 1116 [2013]; *People v Antonetty*, 268 AD2d 254, 255 [2000]). In any event, the court did not err in denying the defendant's application (see Civil Rights Law § 50-a; *People v Gissendanner*, 48 NY2d 543, 550 [1979]; *People v Perez*, 44 AD3d 417, 417 [2007]; *People v Andino*, 291 AD2d 242, 243 [2002]).

The Supreme Court providently exercised its discretion in denying the defendant's request for an adjournment to retain private counsel, made at the suppression hearing (see *People v Arroyave*, 49 NY2d 264, 271 [1980]; *People v Wesley*, 134 AD3d 964, 964-965 [2015]; *People v O'Kane*, 55 AD3d 315, 316 [2008]; *People v Ambrose*, 147 AD2d 577, 577-578 [1989]).

The Supreme Court also providently exercised its discretion in denying the request to assign new counsel, made at sentencing (see *People v Porto*, 16 NY3d 93, 100 [2010]; *People v Linares*, 2 NY3d 507, 511 [2004]; *People v Wright*, 147 AD3d 1088 [2017]; see also *People v Davis*, 226 AD2d 125, 126 [1996]). Moreover, the defendant failed to demonstrate that he received less than meaningful representation of counsel at sentencing based on a perceived conflict of interest (see generally *People v Sanchez*, 21 NY3d at 222-223; *People v Davis*, 226 AD2d at 126).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury

trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Gomez*, 135 AD3d 954, 957 [2016]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980]; *People v Gomez*, 135 AD3d at 957; *People v Ramos*, 74 AD3d 991, 992 [2010]). Moreover, the sentence imposed was not excessive (*see People v Williams*, 127 AD3d 1114, 1118 [2015]; *People v Suitte*, 90 AD2d 80 [1982]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence, as requested by the defendant in Point III of his pro se supplemental brief (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention, raised in his pro se supplemental brief, that the felony complaint was defective is academic, since the felony complaint was superseded by an indictment (*see People v Barnette*, 150 AD3d 1136 [2d Dept 2017]; *People v Barnett*, 108 AD3d 638 [2013]). The remaining contentions raised by the defendant in his pro se supplemental brief are without merit. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.