People v Israel (2018 NY Slip Op 03856)





People v Israel


2018 NY Slip Op 03856


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-09009
 (Ind. No. 2175/12)

[*1]The People of the State of New York, respondent,
v
John Israel, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered August 28, 2015, convicting him of predatory sexual assault against a child, course of sexual conduct against a child in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Raymond Guzman, J.), without a hearing, of the defendant's motion to suppress the complainant's testimony.
ORDERED that the judgment is affirmed.
In the absence of any nonspeculative evidence that the child complainant's testimony resulted from undue suggestion by persons who interviewed him, the defendant's motion to suppress the complainant's testimony was properly denied without a hearing (see People v Montalvo, 34 AD3d 600, 601; see also People v Milford, 118 AD3d 1166, 1168-1169; People v Nickel, 14 AD3d 869, 870-871).
Contrary to the defendant's contention, testimony of the complainant's aunt, to whom the complainant first reported the defendant's conduct, was nonspecific and properly admitted for the relevant, nonhearsay purpose of explaining the investigative process and completing the narrative of events leading to the defendant's arrest (see People v Ludwig, 24 NY3d 221, 231-232; People v Rosario, 100 AD3d 660, 661).
The defendant failed to preserve for appellate review his contentions that the count of predatory sexual assault against a child was duplicitous (see People v Allen, 24 NY3d 441, 449-450), that the prosecutor committed misconduct on summation (see CPL 470.05[2]; People v Osorio, 49 AD3d 562, 563-564), and that the sentencing court penalized him for exercising his right to a trial (see People v Hurley, 75 NY2d 887, 888; People v Gomez, 135 AD3d 954, 956-957). We decline to reach these issues in the exercise of our interest of justice jurisdiction.
The sentence imposed on the conviction of predatory sexual assault against a child was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court