People v Makropoulos (2022 NY Slip Op 07247)

People v Makropoulos

2022 NY Slip Op 07247

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-00213
2021-00215

[*1]The People of the State of New York, respondent,
v
Anastasios Makropoulos, appellant. (Ind. Nos. 178/19, 261/19)

Warren S. Hecht, Forest Hills, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City NY (Jacob B. Sher and Carrie Ciganek of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Rockland County (Kevin F. Russo, J.), both rendered October 28, 2020, convicting him of grand larceny in the third degree under Indictment No. 178/19, and aggravated unlicensed operation of a motor vehicle in the first degree under Indictment No. 261/19, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 178/19 brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was pursuant to CPL 30.30 to dismiss that indictment on the ground that he was denied his statutory right to a speedy trial.
ORDERED that the judgments are affirmed.
The defendant was charged under Indictment No. 178/19 with grand larceny in the third degree, among other crimes. He moved, inter alia, to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial. The County Court denied that branch of the motion, finding that, although the action was commenced on October 15, 2018, and the People did not announce readiness until June 17, 2019, the People were not charged with the period of time that the defendant was held in custody in New Jersey on unrelated charges from October 22, 2018, until April 28, 2019. The defendant entered a plea of guilty to grand larceny in the third degree in satisfaction of Indictment No. 178/19.
The defendant was charged under Indictment No. 261/19 with aggravated unlicensed operation of a motor vehicle in the first degree, among other crimes. At a suppression hearing, the County Court denied the defendant's request for an adjournment in order to substitute retained private counsel for his assigned counsel. Subsequently, the defendant entered a plea of guilty to aggravated unlicensed operation of a motor vehicle in the first degree in satisfaction of Indictment No. 261/19. The defendant was sentenced under both indictments on October 28, 2020, and appeals from the judgments.
The defendant contends that the County Court erred in denying that branch of his omnibus motion which was pursuant to CPL 30.30 to dismiss Indictment No. 178/19 on speedy trial grounds because the period of time during which he was held in custody in New Jersey should have been charged to the People. To the extent that the defendant challenges the legality of his extradition [*2]to New Jersey, this contention is unpreserved for appellate review (see People v Cedeno, 52 NY2d 847, 848; People v Clinkscales, 171 AD3d 1086, 1087). Moreover, the defendant waived his right to a hearing regarding his extradition to New Jersey and failed to challenge the legal basis for extradition at that time. Contrary to the defendant's contention, the People established that they made diligent efforts to secure the defendant's attendance in New York for prosecution (see CPL 30.30[4][c][i]; People v Byrd, 96 AD3d 962, 963; People v Myron, 28 AD3d 681, 682; People v Williams, 229 AD2d 603; People v Wills, 201 AD2d 519, 520). Therefore, the court properly denied that branch of his omnibus motion which was to dismiss Indictment No. 178/19 on speedy trial grounds.
Contrary to the defendant's contention, his request for an adjournment at the suppression hearing with respect to Indictment No. 261/19 so that his retained private counsel could substitute for his assigned counsel was properly denied. "Although a defendant has the constitutionally guaranteed right to be defended by counsel of his own choosing, this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (People v Arroyave, 49 NY2d 264, 271). The defendant does not have "the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial" (id. at 271; see People v Harrison, 112 AD3d 967, 967-968; People v Haqq, 164 AD2d 953, 955-956). "Whether a continuance should be granted is largely within the discretion of the Trial Judge" (People v Arroyave, 49 NY2d at 271). Here, the defendant's request for an adjournment was made at the time that the scheduled suppression hearing was about to commence. Further, the defendant presented no evidence that he had actually retained private counsel since the alleged retained counsel did not file a notice of appearance, nor did the alleged retained counsel submit any proof that he could not be present at the scheduled hearing (see People v O'Kane, 55 AD3d 315, 316; People v Sanford, 122 AD2d 286, 287; see also People v Jackson, 151 AD3d 746, 747; People v Street, 59 AD3d 745; People v Morgan, 27 AD3d 579, 580). Moreover, contrary to the defendant's contention, the County Court was not required to conduct further inquiry into the defendant's concerns about assigned counsel given that the defendant "failed to make the requisite specific factual allegations of 'serious complaints about counsel'" (People v Smart, 142 AD3d 513, 514, affd 29 NY3d 1098, quoting People v Porto, 16 NY3d 93, 100 [internal quotation marks omitted]; see People v Tatum,
204 AD3d 1400, 1401; People v Ward, 121 AD3d 1026, 1027).
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court