THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMA COLON, Appellant. [847 NYS2d 44]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered March 11, 2005, convicting defendant, after a jury trial, of failure to disclose the origin of a recording in the second degree, and sentencing her to a term of one year, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 90 days and three years probation, and otherwise affirmed.

Defendant was convicted of selling "pirated" music compact discs bearing the names of the performers but not the names and addresses of the manufacturers. Penal Law § 275.35 states, "The omission of the actual name and address of the manufacturer, *or* the omission of the name of the performer or principal artist, *or* the omission of both, shall constitute the failure to disclose the origin of a recording" (emphasis added). To the extent that defendant is arguing that the statute is violated only when *both* omissions are present, that argument is contrary to the language of the statute. The "or the omission of both" clause is surplusage, and also makes clear that the statute is violated when both omissions are present. Accordingly, in its jury charge the court properly deleted any reference to "omission of the name of the performer or principal artist," because that portion of the statute did not apply to the facts presented (*see e.g. People v Gaines*, 74 NY2d 358, 363 [1989] ["remains unlawfully" theory of burglary should not be charged where inapplicable]). To the extent that defendant is arguing that the statute is not violated if the sole omission is either the name or the address of the manufacturer, that contention was never advanced before the trial court. Accordingly, it is not preserved for review (CPL 470.05 [2]), and we decline to review it in the interest of justice.

Contrary to the People's position, defendant did preserve for appellate review her contention that the word "address" in Penal Law § 275.35 includes an Internet or Web site address. To be sure, defendant did not voice any objection when the trial court responded to the jury's inquiry whether an e-mail address or Web site address constituted an "address" within the meaning of the statute. In its response, the court instructed the jury, inter alia, that it should use its common sense, that "the web did not [exist] in 1990 when the legislature adopted [Penal Law § 275.35]" and that "there's not been a ruling as to what constitutes an address." At the close of the People's case, however, defendant moved for a trial order of dismissal and argued that the "address" requirement had been satisfied by proof of a Web site address. In response, the trial court unequivocally stated

that a "website is not an address, an address with a street" and that "[i]t is my ruling that a website is not an address under the meaning of the statute." Under these circumstances, defendant was not required to belabor her previously stated position when the trial court responded to the jury's inquiry (*see* CPL 470.05 [2] ["a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter . . . regardless of whether any actual protest thereto was registered"]).

On the merits, however, we conclude that the term "address" does not include an Internet or Web site address. In ordinary parlance, the term "address" refers to a physical location (*see e.g.* Webster's Third New International Dictionary [2002] [defining "address" as "7 a: the designation of a place (as a residence or place of business) where a person or organization may be found or communicated with . . . b: the directions for delivery given on the outside of an object to be delivered"]; New Oxford American Dictionary [2005] [defining "address" as "the particulars of the place where someone lives or an organization is situated"]), and nothing in the text of the statute suggests that a different meaning was intended (*see We're Assoc. Co. v Cohen, Stracher & Bloom*, 65 NY2d 148, 151 [1985] ["Words of ordinary import in a statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended"]).

The jury also asked during deliberations whether "the defendant must have known that the CD was missing the manufacturer's address." In response, the court instructed the jury that the knowledge element of the statute "does not apply to the knowledge of the lack of the material on [a CD]." Defendant did not object to this instruction. Nor did defendant object during an earlier charge conference in which the trial court agreed with the prosecutor's contention that "the knowledge requirement should only apply to the selling of the CD and not to whether or not the name and address . . . appears." Thereafter, the trial court issued a written decision, inter alia, explaining this ruling (8 Misc 3d 569, 577-580 [2005]). Whether defendant has preserved for review her claim that the statute is not violated unless the actor knows that "the actual name and address of the manufacturer or the name of the performer or principal artist" is not disclosed presents an issue of statutory construction. A 1986 amendment to the statute defining New York's contemporaneous-objection rule, CPL 470.05 (2), amended the second sentence thereof by adding to it a final

clause providing that a timely protest is sufficient to preserve a question of law if, inter alia, "in re[s]ponse to a protest by a party, the court expressly decided the question raised on appeal" (CPL 470.05 [2]). Regardless of whether the court "expressly decided" the question defendant now raises on appeal when it stated its agreement with the prosecutor during the charge conference, the court "expressly decided" that question in response to the jury's inquiry during deliberations.*

Nevertheless, defendant's claim is still not preserved for review because the court did not expressly decide the question "in re[s]ponse to a protest by a party" (CPL 470.05 [2]). To the contrary, the court expressly decided the question in response to the jury's inquiry. To the extent the court "expressly decided" the question during the charge conference, it did so in response to the prosecutor's statement of the People's position. At no point did defendant object or give the court any reason to believe that she disagreed with the court's instruction to the jury.

To read out of CPL 470.05 (2) the requirements of a timely "protest by a party" and a causal nexus between the protest and the question "expressly decided" would violate a fundamental canon of construction. Just as "a court cannot amend a statute by inserting words that are not there" (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995] [internal quotation marks and citation omitted]), it cannot amend a statute by failing to "give effect to every word of a statute" (*Matter of Yolanda D.*, 88 NY2d 790, 795 [1996]; *see also People v Hedgeman*, 70 NY2d 533, 539 [1987] ["words which define or delimit the reach of statutory provisions may not be disregarded as superfluous, but must be given meaning and effect"]).

These requirements, moreover, unquestionably further the compelling public purposes that the contemporaneous-objection rule is designed to advance. A timely objection "may lead to the exclusion of the evidence objected to, thereby making a major contribution to finality in criminal litigation" (*Wainwright v Sykes*, 433 US 72, 88 [1977]). The rule also promotes society's interest in the fairness and efficiency of criminal litigation (*People v Dekle*, 56 NY2d 835, 837 [1982] ["There is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court. To hold otherwise is to encourage gamesmanship and waste judicial resources in order to protect a defendant against a claimed error protection

---

* The court's subsequent, written decision simply memorialized and explained the ruling the court made in responding to the jury's inquiry.

against which requires no more than a specific objection on his part"]). In addition, busy trial judges do not and should not give as much care and attention to the many "decisions" they make without apparent disagreement by the parties as they give to decisions that directly address the protests prompting them. Eliminating the requirements of a timely protest and a nexus between the protest and the question "expressly decided" would make little if any sense. The result would be that questions of law would be preserved for review by ill-considered decisions, less-than-fully-considered decisions and even decisions that are tantamount to off-the-cuff advisory opinions, despite the defendant's actual or tacit agreement in those decisions.

In *People v Prado* (4 NY3d 725, 726 [2004]) and *People v Feingold* (7 NY3d 288, 290 [2006]), the Court of Appeals concluded that a question of law was preserved for review because the trial court had "expressly decided" the question. Neither decision discusses the statutory requirements of a timely protest and a causal nexus between the protest and the question "expressly decided" by the trial court. In the absence of an express holding by the Court of Appeals that no such protest or nexus is required, we cannot disregard the statutory text as superfluous (*People v Hedgeman*, 70 NY2d at 539).

Defendant never moved to suppress any of the property seized during the execution of the search warrant on the ground that although the warrant was for counterfeit CDs, pirated CDs were seized. Accordingly, this contention is also unpreserved and we decline to review it in the interest of justice.

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Saxe, Williams, Buckley and McGuire, JJ. [*See* 8 Misc 3d 569.]