■ The People of the State of New York, Respondent, v Martin Calderon, Appellant. [938 NYS2d 561]

The court properly denied defendant's suppression motion. Defendant argues that the police lacked the necessary predicate for requesting permission to search the car in which he was riding. At the suppression hearing, defendant raised other issues relating to the driver's consent. However, he never alerted the court to the particular issue raised on appeal, and the court did not "expressly decide[ ]" (CPL 470.05 [2]) that issue (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *see also People v Colon*, 46 AD3d 260, 263 [2007]). Accordingly, we decline to review this claim in the interest of justice. As an alternative holding, we find that the police had, at least, a sufficient basis to ask the driver of the car for permission to search (*see People v Brooks*, 23 AD3d 847, 849 [2005], *lv denied* 6 NY3d 810 [2006]; *People v Martin*, 50 AD3d 1169 [2008]). Defendant complains

that some of the People's arguments are raised for the first time on appeal. However, this is a consequence of the procedural posture of the case, in which defendant did not litigate the present issue. In any event, the People's arguments are supported by the hearing evidence. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.