THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GARCIA, Appellant. [948 NYS2d 242]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J., at motion to controvert search warrant; Herbert I. Altman, J.H.O., at *Darden* hearing; Ruth Pickholz, J., at *Mapp/Dunaway/Huntley* hearing, plea, and sentencing), rendered June 15, 2010, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

Defendant challenges the denial of his motion to suppress evidence, made on the ground that the evidence was the fruit of an unlawful stop. Defendant also challenges the denial of suppression of other evidence obtained from his apartment pursuant to a search warrant. In each instance, we find no basis for suppression of any evidence.

In a drug-prone location, an officer saw defendant standing on the street, looking up the street with a cell phone in his hand. Eventually, a late model BMW with New Hampshire plates pulled up and defendant entered it. While defendant and the car's female driver were parked, the officer saw defendant

and the driver make hand motions that reasonably suggested an exchange of unidentified objects, concealed in closed fists. The driver then tucked into her brassiere the item that defendant had apparently handed her.

Based on his extensive experience in drug arrests, the officer recognized these actions, viewed as a whole, to form a pattern of suspicious activity indicative of a drug transaction (*see People v Jones*, 90 NY2d 835 [1997]; *People v Bonilla*, 81 AD3d 555 [2011], *lv denied* 17 NY3d 792 [2011]; *People v Smith*, 60 AD3d 456 [2009] [concealment of unknown object in sock among factors suggesting drug sale], *lv denied* 12 NY3d 859 [2009]). Accordingly, the police had reasonable suspicion upon which to stop the car in which defendant was a passenger.

The court properly denied defendant's motion to controvert the search warrant. Nothing in the testimony at either the initial or the reopened *Darden* hearing (*People v Darden*, 34 NY2d 177 [1974]) provided any basis for suppression, or required a further reopening of the hearing (*see People v Adrion*, 82 NY2d 628, 635 [1993]; *People v Bradley*, 181 AD2d 316, 319 [1992], *appeal dismissed* 81 NY2d 760 [1992]). Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.