The People of the State of New York, Respondent, v Jermaine Cooper, Appellant. [952 NYS2d 23]—

The court properly denied defendant's motion to suppress statements. Defendant did not preserve his claim that governmental involvement in the actions of store security personnel created a police-dominated atmosphere requiring *Miranda* warnings, and we decline to review it in the interest of justice. The court did not "expressly decide[ ]" the issue "in response to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263 [1st Dept 2007]). At most, the court ruled on the separate issue of whether the store employees were police agents (*see People v Cardona*, 41 NY2d 333, 335 [1977]).

As an alternative holding, we reject it on the merits. Defendant made statements while in the custody of store security personnel, and the record does not establish a police-dominated atmosphere. The police apprehended defendant and turned him over to the store personnel in order to permit them to perform the store's routine administrative procedures, which included giving defendant a notice that he was prohibited from entering the store again. The police had no vested interest in the outcome of the store's private procedures, which were not designed to elicit potentially inculpatory evidence. Rather, Macy's procedures in serving defendant with a "trespass" notice was for Macy's benefit in that it would assist Macy's in any subsequent prosecution of defendant, should he reenter the store at some point in the future. Furthermore, the police were not involved with, and did not orchestrate or supervise, the actions of the store employees. Therefore, there was no requirement that *Miranda* warnings be administered (*compare People v Ray*, 65 NY2d 282, 286-287 [1985], *with People v Jones*, 47 NY2d 528 [1979]).

In any event, defendant's statements were spontaneous and not made in response to express questioning or its functional equivalent (*see Rhode Island v Innis*, 446 US 291, 301 [1980]; *People v Rivers*, 56 NY2d 476, 479-480 [1982]). The record clearly establishes that defendant's statements were the product of his own unprovoked and unsolicited insistence on chat-

ting or bragging about the series of crimes he had committed at Macy's.

Only two of defendant's prosecutorial misconduct claims are even arguably preserved. First, defendant asserts that the prosecutor's opening statement was inflammatory and suggested that defendant had a propensity toward crime. We find that the challenged remarks were fair comment on the evidence to be presented (*see generally People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). Second, defendant asserts that the prosecutor vouched for witnesses in summation. Again, we disagree and find that the prosecutor made permissible arguments in favor of crediting the witnesses' testimony (*see id.* at 144).

Defendant's remaining prosecutorial misconduct claims, and his challenge to the court's charge, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We have considered and rejected defendant's ineffective assistance of counsel claim (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Andrias, J.P., Sweeny, Catterson, Moskowitz and Manzanet-Daniels, JJ.