■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE GREEN, Appellant. [953 NYS2d 152]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 11, 2011, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, making an improper turn, and unlawfully operating or driving a motor vehicle on a public highway, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). " 'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place' and that the person being arrested committed the crime or offense" (*People v Francis*, 44 AD3d 788, 789 [2007], quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]). "That legal conclusion is to be made after considering 'all of the facts and circumstances together' " (*People v Francis*, 44 AD3d at 789, quoting *People v Bigelow*, 66 NY2d at 423). "The credibility determinations of the hearing

court 'are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record' " (*People v Blinker*, 80 AD3d 619, 620 [2011], quoting *People v Baliukonis*, 35 AD3d 626, 627 [2006]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Castro*, 73 AD3d 800 [2010]; *People v Lynch*, 63 AD3d 959 [2009]; *People v Shackleford*, 57 AD3d 578 [2008]; *People v Whyte*, 47 AD3d 852 [2008]).

Contrary to the defendant's contention, the Supreme Court did not err in denying that branch of his omnibus motion which was to suppress physical evidence consisting of a gun, which was discovered under the center console of the defendant's vehicle. The evidence at the suppression hearing established that in November 2007, there was an ongoing police investigation concerning the activities of a third party. As part of that investigation, the police had obtained an eavesdropping warrant to monitor the telephone conversations of the third party. On November 6, 2007, the police overheard a conversation between the third party and a man calling from a telephone number with a Maryland area code. During this conversation, the caller stated that he was "on [his] way" to the third party's "crib"; that he did not want to stay there for a long period of time; and that he had his "slammy" on him. At the suppression hearing, a detective who overhead the conversation, and who subsequently arrested the defendant, testified that, based on his training and experience, he understood the term "slammy" as a reference to a firearm. Within a few minutes thereafter, the defendant arrived at the third party's house in a vehicle with a Maryland license plate. After having a brief conversation with the third party, the defendant drove away and was followed by the detective, who had set up surveillance outside the third party's residence. The detective testified that he followed the defendant's vehicle until the defendant made a right turn without using a signal, at which time the detective conducted a "car stop." The detective further testified: "[A]s I was approaching [the defendant's vehicle], I could see him lean toward the center console area. I approached the vehicle. . . . I asked for a license, registration, insurance card. He did not produce a valid driver's license. I asked him to step out of the vehicle. As he stepped out of the vehicle, he was acting in a nervous manner. I placed him under arrest at this time. I placed him in handcuffs and placed him in the back seat of my car. I then went back to the vehicle to the center console area where I observed him lean, and I recovered a firearm."

As the Supreme Court correctly concluded, the aforementioned circumstances did not provide a basis for a search of the

defendant's vehicle as incident to a lawful arrest inasmuch as the defendant was already restrained when the search began (*see Arizona v Gant*, 556 US 332 [2009]). However, as the court also correctly concluded, these same circumstances did justify the search pursuant to the separate and distinct "automobile exception" to warrantless searches. " '[W]here police have validly arrested an occupant of an automobile, and they have reason to believe that the car may contain evidence related to the crime for which the occupant was arrested *or that a weapon may be discovered* or a means of escape thwarted, they may contemporaneously search the passenger compartment, including any containers found therein' " (*People v Blasich*, 73 NY2d 673, 678-679 [1989], quoting *People v Belton*, 55 NY2d 49, 55 [1982] [emphasis added]; *see People v Galak*, 81 NY2d 463, 467 [1993]; *People v Henderson*, 57 AD3d 562, 564 [2008]; *People v Martin*, 28 AD3d 583, 584 [2006]). Here, the intercepted telephone conversation, the observations of the detective, and his experience as a police officer who understood the term "slammy" as a reference to a firearm provided justification for the search of the defendant's vehicle (*see People v Blasich*, 73 NY2d at 678-679; *see also People v Tambe*, 71 NY2d 492, 501 [1988]; *People v Parker*, 84 AD3d 1508, 1509 [2011]).

The defendant's remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.