(November 21, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GALEANO, Appellant. [975 NYS2d 652]—Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered May 26, 2011, as amended June 16, 2011, convicting defendant, after a jury trial, of murder in the second degree and two counts of robbery in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

Defendant did not preserve his claim that the court should have instructed the jury on the affirmative defense to felony murder (Penal Law § 125.25 [3]), and we decline to review it in the interest of justice. The record does not establish that the court "expressly decided" the issue "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263 [1st Dept 2007]). Instead, the record merely reflects that defense counsel was initially noncommittal about whether he wanted this charge, and that subsequently there was an informal, unrecorded col-

loquy at which the court expressed its opinion that the affirmative defense was inapplicable. Defendant did nothing to register any disagreement with that view.

As an alternate holding, we find that there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support that defense (*see People v Curet*, 99 AD3d 611 [1st Dept 2012], *lv denied* 20 NY3d 1010 [2013]). Defendant's defense was that he did not commit felony murder to begin with, in that he only intended to commit a nonforcible larceny. There was no evidence in either the prosecution or defense case to support the elements of the affirmative defense.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ.