■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMALLS, Appellant. [975 NYS2d 396]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J., at hearing; Daniel McCullough, J., at jury trial and sentencing), rendered June 20, 2011, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of one year, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. At a drug-prone intersection, experienced narcotics officers saw an illegally parked car, in which defendant and his passenger were making movements suggesting that something was being transferred. They then saw defendant close a clear plastic bag with his mouth, get out of the car while holding the bag, open the hood of the car, reach into the engine area and return to the car without the bag. Based on those observations, the police had reasonable suspicion that defendant had engaged in criminal activity, most likely a drug transaction (*see e.g. People v Garcia*, 96 AD3d 481 [1st Dept 2012], *lv denied* 19 NY3d 1025 [2012]). In particular, it was highly suspicious for defendant to apparently secrete a bag under the hood of the car. This behavior was inconsistent with innocent explanations, such as repairing the car. Accordingly, the police conducted a lawful stop for the purpose of investigating criminal activity, and they properly detained and questioned defendant and the passenger.

From outside the car, an officer saw a large pill bottle on the passenger's lap. When the passenger tried to hide the bottle, the officer reached into the car and grabbed the bottle. For the first time on appeal, defendant asserts that the officer had no right to seize the bottle, and that subsequent questioning was the fruit of that seizure. Although there was some discussion of the seizure of the bottle in the court's decision, the court did not "expressly decide[ ]" the issue "in response to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263 [1st Dept 2007]). Accordingly, this issue is unpreserved and we decline to review it in the interest of justice.

As an alternative holding, we find that, in addition to being a very limited intrusion, the seizure of the bottle was permissible under the automobile exception because, at that point, the police had probable cause to believe that the car contained evidence of an illicit drug exchange, and were thus authorized to conduct a warrantless search of the car and any containers it contained (*see generally People v Yancy*, 86 NY2d 239, 245-246 [1995]). When the passenger tried to hide the pill bottle, his actions indicated that the bottle was incriminating. When this display of consciousness of guilt was added to the behavior by

defendant and the passenger already observed by the police, it became obvious that there had just been an illicit transaction involving prescription medication, thereby creating probable cause (*see e.g. People v O'Kane*, 55 AD3d 315 [1st Dept 2008], *lv denied* 11 NY3d 928 [2009]).

Contrary to defendant's argument, the hearing court made no express or implied finding that the level of suspicion had not yet ripened into probable cause at the point when the bottle was seized. Any lack of clarity in the record, in the People's position at the hearing, or in the ruling the court delivered orally immediately after the hearing, can be attributed to defendant's failure to litigate the particular issue (*see People v Calderon*, 92 AD3d 606 [1st Dept 2012], *lv denied* 19 NY3d 958 [2012]).

As noted, the police did not immediately search the car, but only conducted a limited intrusion by picking up the bottle and examining the label. The officer saw that the pills had been dispensed that day, but that the bottle was empty. Upon further questioning, defendant and the passenger gave evasive or incredible answers that confirmed police suspicion that defendant had unlawfully obtained prescription medication from the passenger and secreted it under the hood, and provided further support for a search under the automobile exception. We note that, regardless of the legality of the seizure of the pill bottle, some of the questions posed to defendant and the passenger had nothing to do with the bottle, and the responses to those questions, standing alone, raised the level of suspicion to probable cause. In particular, defendant told the officer that he had not put anything under the hood, which was contrary to the officer's own observations.

Since nothing in the trial court's supplemental jury instructions can be viewed as expressly shifting the burden of proof, normal preservation requirements apply (*see People v Thomas*, 50 NY2d 467, 471-472 [1980]). We conclude that defendant did not preserve his present argument (*see People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review it in the interest of justice. As an alternative holding, we find that an errant phrase in the supplemental charge could not have misled the jury as to the burden of proof (*see People v Umali*, 10 NY3d 417, 426-427 [2008]).

The portion of the prosecutor's summation to which defendant objected as speculation was a permissible record-based argument. Defendant's remaining challenges to the prosecutor's summation and the court's supplemental instructions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the

merits. Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.