■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIPOLITO CESPEDES, Appellant. [990 NYS2d 823]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered May 16, 2012, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Brennan, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence, consisting of large amounts of narcotics and currency, that was seized as the result of his arrest. The record of the suppression hearing revealed that police personnel with extensive training and experience in observing narcotics transactions, and who were assigned to a "buy and bust operation" in a drug-prone area, observed a disheveled man standing by the curb, looking up and down the block. The man then spoke to someone on his cell phone and took some money out of his wallet. Minutes later, the defendant drove up in a nonlivery automobile, and the man entered the rear seat of the defendant's vehicle and handed the money to the defendant. As the defendant drove away, the police followed in their car and observed the defendant's shoulder dip back as though he

was reaching for something. The defendant then handed something to the passenger, made a right turn, and stopped in the middle of the street, where the passenger exited the vehicle and placed something in his pants pocket. The police blocked the defendant's vehicle with their car and detained the defendant, placing him under arrest after illegal narcotics were recovered from the passenger. Currency and additional prepackaged bags of narcotics were recovered from the defendant and his vehicle.

A forcible stop of a suspect is permissible where police have a reasonable suspicion that he or she has committed, is committing, or is about to commit a crime (see People v De Bour, 40 NY2d 210, 223 [1976]), and a determination of the propriety of such action requires an evaluation of the totality of the circumstances (see generally People v Williams, 69 AD3d 663, 664 [2010]). Here, according due deference to the hearing court's credibility determinations (see People v Mateo, 2 NY3d 383, 414 [2004]; People v Green, 100 AD3d 654, 654-655 [2012]; People v Blinker, 80 AD3d 619, 620 [2011]), we conclude that the suspicious behavior observed by the police officers, including the passenger's initial conduct, his passing of money in apparent exchange for an object, and the short distance the vehicle traveled (cf. People v Loper, 115 AD3d 875 [2014]), when viewed in the context of the officers' training and experience and the drug-prone location where it occurred (see People v Smalls, 111 AD3d 582, 583 [2013]; People v Garcia, 96 AD3d 481, 482 [2012]), provided reasonable suspicion that the defendant had engaged in illegal drug activity. Since the defendant raises no additional issue regarding the legality of his arrest or the admissibility of the physical evidence introduced at his trial, there is no basis to disturb the hearing court's suppression determination.

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]). Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.