■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN CONCEPCION, Appellant. [25 NYS3d 212]—

Judgment, Supreme Court, New York County (Juan M.

Merchan, J.), rendered November 21, 2012, convicting defendant, after a jury trial, of two counts each of criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia in the second degree and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). Moreover, the evidence was overwhelming. There is no basis for disturbing the jury's credibility determinations. Defendant's dominion and control over the contraband found in an apartment during the execution of a search warrant was established by, among other things, evidence that he admitted residing in the apartment, and that the clothes he put on during the arrest came from the same drawer where the contraband was found. The absence of documentary evidence of defendant's residency in the apartment may be readily explained by, for example, the possibility that the nominal tenants may have been violating New York City Housing Authority regulations regarding residency.

Defendant did not preserve his arguments that the admission at trial of a search warrant's description of the targeted suspect constituted inadmissible hearsay and violated the Confrontation Clause, and we decline to review them in the interest of justice. When the People offered this evidence to complete the narrative and explain police actions, defendant tacitly conceded that theory of admissibility, but objected on completely different grounds not pursued on appeal. Thus, the court did not "expressly decide[ ]" the same issue raised on appeal "in response to a protest by a party" (CPL 470.05 [2]; see People v Turriago, 90 NY2d 77, 83-84 [1997]; People v Colon, 46 AD3d 260, 263 [1st Dept 2007]). In any event, any error regarding this evidence was harmless (see People v Crimmins, 36 NY2d 230 [1975]). Defendant's claim that the court should have given a limiting instruction is also unpreserved, and likewise does not warrant reversal.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal

standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.