■ The People of the State of New York, Respondent, v Adrian Holliday, Appellant. [55 NYS3d 185]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Thomas Farber, J., at plea and sentencing), rendered June 16, 2015, as amended July 7, 2015, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of one year, unanimously affirmed.

Defendant made a valid waiver of his right to appeal, which forecloses his suppression claims. The plea court's oral colloquy with defendant concerning the waiver met or exceeded the minimum standards for such a colloquy (*see People v Bryant*, 28 NY3d 1094 [2016]), and, after consulting with counsel, defendant also signed a written waiver that supplemented the oral waiver.

Regardless of whether defendant made a valid waiver of his right to appeal, his suppression claims are unpreserved and the record does not establish that the motion court "expressly decided" these issues "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *People v Colon*, 46 AD3d 260, 263-264 [1st Dept 2007]). We decline to review them in the interest of justice. As an alternative holding, we find that the hearing record supports the court's findings that the police conduct leading up to defendant's arrest was lawful and that drugs were recovered through a valid inventory of defendant's property, pursuant to police department regulations. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.