People v Singletary (2019 NY Slip Op 07799)





People v Singletary


2019 NY Slip Op 07799


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-12606
 (Ind. No. 1465/16)

[*1]The People of the State of New York, respondent,
v
Jamel Singletary, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (John B. Collins, J.), rendered November 15, 2017, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the suppression of physical evidence and certain statements the defendant made to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny suppression of physical evidence and certain statements the defendant made to law enforcement officials. The " credibility determinations of the hearing court are entitled to great deference on appeal, and its conclusions will not be set aside unless manifestly erroneous or unsupported by the record'" (People v Jogie, 51 AD3d 1038, 1039, quoting People v Rivera, 27 AD3d 489, 490). Here, the record supports the court's determination to credit the testimony of a detective, experienced in policing crimes involving narcotics, that the police were conducting surveillance of a residence in response to community complaints that narcotics were being sold by a woman out of that residence, that there had been an arrest earlier in the day of someone leaving that residence with narcotics, and that the detective observed the woman and the defendant exchanging an item for money. As such, the police had reasonable suspicion that the defendant had committed a crime, which justified the stop of the vehicle he was traveling in immediately after the exchange (see People v Wiggins, 146 AD3d 995, 995-996; People v Cespedes, 120 AD3d 585, 585-586; People v Hurdle, 106 AD3d 1100, 1104). The detective's observations, coupled with his confirmation that an officer had stopped the woman and recovered a quantity of heroin that she had just purchased from the defendant, were sufficient to supply probable cause for the defendant's arrest (see People v Smith, 168 AD3d 885, 886; People v Cotsifas, 100 AD3d 1015, 1015).
We agree with the Supreme Court's determination to deny suppression of a statement the defendant made to a detective that he would appreciate it if the detective could overlook whatever was found in the vehicle. This statement was spontaneous and "not triggered by any police questioning or other conduct which reasonably could have been expected to elicit an incriminating [*2]response" (People v Stephans, 168 AD3d 990, 995; see People v Bajana, 82 AD3d 1111, 1111; People v Tyrell, 67 AD3d 827, 828).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant's contention that the Supreme Court erred in admitting into evidence narcotics and drug paraphernalia is unpreserved for appellate review, as he failed to timely object to the admission of this evidence on the ground that there was no valid chain of custody (see CPL 470.05; People v Gray, 86 NY2d 10, 19; People v Mancusi, 161 AD3d 775, 775; People v Irizarry, 160 AD3d 1384, 1386). In any event, the evidence was properly admitted into evidence, notwithstanding the failure of an evidence clerk from the lab, who transferred the evidence from a locker to the main vault, to testify. The People established that the circumstances provided reasonable assurances of the identity and unchanged condition of the evidence (see People v Julian, 41 NY2d 340, 343-344; People v Moore, 166 AD3d 654, 654; People v Mancusi, 161 AD3d at 775-776). Thus, any deficiencies in the chain of custody due to the failure of the evidence clerk to testify did not bar the admission of the evidence, but affected only the weight to be accorded to that evidence (see People v Julian, 41 NY2d at 343-344; People v Mancusi, 161 AD3d at 775-776).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court