People v Ross (2023 NY Slip Op 00170)

People v Ross

2023 NY Slip Op 00170

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Ind. No. 4746/16 Appeal No. 17098 Case No. 2019-5244 

[*1]The People of the State of New York, Respondent,
v
Michael Ross, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at motions; Laura A. Ward, J. at hearing; Neil E. Ross, J. at plea and sentencing), rendered July 9, 2018, as amended December 12, 2018, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression and excessive sentence claims. The record of the plea proceeding, along with the detailed written waiver that defendant reviewed with counsel, established that defendant understood the nature of the rights being waived (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The court did not state or imply that defendant was giving up the right to any possible appeal, and in any event "[t]o the extent the court's oral colloquy could be viewed as suggesting that defendant was waiving all appellate rights, any ambiguity was resolved by the written waiver" (People v Ruperto, 200 AD3d 566, 567 [1st Dept 2021], lv denied 38 NY3d 953 [2022]). The plea minutes also show that the People requested that defendant waive his right to appeal, and we reject defendant's argument that the court initiated that condition; in any event, such action by the court would not invalidate the waiver (see People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]).
Regardless of whether defendant made a valid appeal waiver, we find his suppression claims unavailing. The record establishes a lawful entry into defendant's apartment, probable cause for his arrest, a permissible strip search at the precinct, and the legality, in all respects, of the search warrants for defendant's phones. We also perceive no basis for reducing defendant's three-year term of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023