People v Diallo (2023 NY Slip Op 02981)

People v Diallo

2023 NY Slip Op 02981

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Ind. No. 3382N/15 Appeal No. 380 Case No. 2016-1409 

[*1]The People of the State of New York, Respondent,
v
Abdo Diallo, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered December 14, 2015, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of one year, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claim. Any ambiguity in the oral colloquy was resolved by the written waiver, which defendant reviewed with counsel (see e.g. People v Ross, 212 AD3d 473, 473 [1st Dept 2023]).
Regardless of whether defendant made a valid appeal waiver, his specific challenges to the search warrant were not preserved by his general motion to controvert (see People v Williams, 127 AD3d 612 [1st Dept 2015], lv denied 27 NY3d 1009 [2016]), and we decline to review them in the interest of justice. Defendant purported to reserve the right to make specific arguments upon receipt of the warrant and supporting documents, but he instead pleaded guilty without making any further motion. As an alternative holding, we find that the warrant was properly issued in all respects (see CPL 690.35[4][b]; 690.40[2]; People v Bigelow, 66 NY2d 417, 423 [1985]). Although "defendant complains that some of the People's arguments are raised for the first time on appeal . . . , this is a consequence of the procedural posture of the case, in which defendant did not litigate the present issue" (People v Calderon, 92 AD3d 606, 607 [1st Dept 2012], lv denied 19 NY3d 958 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023