People v Espinal (2025 NY Slip Op 02422)

People v Espinal

2025 NY Slip Op 02422

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Ind No. 2863/17 406/18|Appeal No. 4088-4088A|Case No. 2019-4215|

[*1]The People of the State of New York, Respondent,
v
Steven Espinal, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Barry Warhit, J.), rendered March 27, 2019, convicting defendant, upon his pleas of guilty, of attempted murder in the second degree, criminal possession of a weapon in the second degree, and gang assault in the first degree, and sentencing him to three concurrent terms of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made valid waivers of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US ___, 140 S Ct 2634 [2020]), which foreclose his challenge to the denial of youthful offender treatment and review of his excessive sentence claim (People v Fofona, 200 AD3d 502, 502 [1st Dept 2021], lv denied 38 NY3d 927 [2022]). Contrary to defendant's contention, the court did not abandon its role as a neutral arbiter by requiring he waive his right to appeal in exchange for the court-offered plea (see People v Ross, 212 AD3d 473, 473 [1st Dept 2023], lv denied 40 NY3d 931 [2023]).
Regardless of whether defendant validly waived his right to appeal, we find that the court providently exercised its discretion in denying youthful offender treatment (see People v Malave, 179 AD2d 419, 419-420 [1st Dept 1992], lv denied 79 NY2d 950 [1992]), in light of the seriousness of the underlying crimes, which included orchestrating an assault on a correction officer that resulted in serious injuries to that officer's cervical spine and brain (see People v Jusino, 302 AD2d 224, 224 [1st Dept 2003], lv denied 100 NY2d 539 [2003]). Similarly, we perceive no basis for a reduction in sentence.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Johnson, 231 AD3d 679, 679-680 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]; People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025