People v Rodriguez (2025 NY Slip Op 06144)

People v Rodriguez

2025 NY Slip Op 06144

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Ind No. 1673/19|Appeal No. 5137|Case No. 2023-04240|

[*1]The People of the State of New York, Respondent,
v
Quintin Rodriguez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Phoenix Rice-Johnson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nayeon K. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Cori Weston, J. at suppression hearing; Kathryn S. Paek, J. at trial and sentencing), rendered August 8, 2023, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of six years, unanimously affirmed.
The court properly denied defendant's motion to suppress his statement. During the execution of a search warrant, defendant was discovered asleep in the sole bedroom of the apartment where the drugs in question were found. When he was removed to the living room, he was wearing a tank top, shorts, and socks. The hearing testimony established that it was 46 degrees outside, and before defendant was transported from the apartment, a detective asked him if he was comfortable leaving in that attire. In response, defendant asked for a sweater that was hanging in the bedroom closet and for a pair of sneakers that were next to the bed. Under the circumstances presented, the officer's question was "reasonably related to the police's administrative concerns" (see People v Gray, 169 AD3d 560, 561 [1st Dept 2019], lv denied 33 NY3d 1069 [2019] [internal quotation marks omitted]), and "a reasonable person would conclude based on an objective analysis" that the detective's question was not "a disguised attempt at investigatory interrogation" (People v Wortham, 37 NY3d 407, 415 [2021], cert denied 598 US —, 143 S Ct 122 [2022] [internal quotation marks omitted]). The fact that defendant's response "ultimately turned out to be incriminating does not alter the [analysis]" (id. at 415).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; see also People v Baque, 43 NY3d 26 [2024]. Defendant occupied the sole bedroom of the apartment, in close proximity to the two plastic twists of cocaine at issue, he gave the apartment as his current address when asked by a detective where he lived, and he had clothes hanging in the bedroom's closet and sneakers in a shoebox by the bed. From this evidence, the jury could reasonably infer that defendant exercised dominion and control over the two twists of cocaine in that bedroom (see e.g. People v Lauriano, 189 AD3d 551, 552 [1st Dept 2020], lv denied 36 NY3d 1057 [2021]; People v Concepcion, 136 AD3d 578, 579 [1st Dept 2016], lv denied 27 NY3d 1130 [2016]).
The trial court did not violate defendant's rights under CPL 310.30 and People v O'Rama (78 NY2d 270, 277-278 [1991]) by failing to read, verbatim, and seek input from the attorneys on the record in advance on an unambiguous jury note that required the ministerial act of sending an exhibit to the jury room (see People v Nealon, 26 NY3d 152, 161 [2015]; People v Dunham, 172 AD3d 524, 524 [1st Dept 2019], lv denied 34 NY3d 930 [2019]). The court advised the parties on the record that it had received a note, and that the jury was "requesting to see the evidence, namely the drugs. So[,] we are gonna send that through the court officer's supervision." While a variety of evidence related to the drugs recovered during the execution of the search warrant, only one exhibit "contain[ed]" those drugs, as the jury specified in its note (see e.g. People v Woods, 226 AD3d 597, 598 [1st Dept 2024], lv granted 42 NY3d 1082 [2025]). As such, the requirements of O'Rama were not implicated and the court was not required to seek input from defense counsel before responding to the note with the requested exhibit (see Dunham, 172 AD3d at 524-525). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025